■ Windsong Lane Farms, Appellant, v Telmark, LLC, et al., Respondents. (Appeal No. 1.) [907 NYS2d 923]—Appeal from an order of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered July 13, 2009. The order, inter alia, denied the motion of plaintiff to set aside the verdict.

Appeal and cross appeal from a judgment of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered August 27, 2009. The judgment, inter alia, found for plaintiff on its third cause of action and awarded no damages.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, defendants' allegedly negligent misrepresentations with respect to several lease agreements entered into between plaintiff and defendant Telmark, LLC (Telmark). Plaintiff leased three buildings and a manure spreader from Telmark, which expended $1.9 million for the construction of the buildings and the equipment. Plaintiff paid $693,907 in monthly lease payments before the leases were bought out by plaintiff and a third party. Supreme Court denied defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion for partial summary judgment on six causes of action. A jury trial was conducted, and the court granted those parts of defendants' motion for a trial order of dismissal with respect to the three fraud causes of action, the cause of action alleging a violation of General Business Law § 349 and the claim for punitive damages. The remaining causes of action were for negligent misrepresentation, breach of fiduciary duty, unjust enrichment and constructive trust, and the court submitted the two equitable causes of action to the jury for an advisory determination (see CPLR 4212). The jury found that defendants were liable for negligent misrepresentation and apportioned 30% of the fault to them and 70% to plaintiff. In response to the question asking the jury to "[s]tate separately the amount of damages, if any, awarded to [p]laintiff for [d]efendants' negligent misrepresentation," the jury indicated, "None." The advisory jury found that defendants were not unjustly enriched but that plaintiff was entitled to a constructive trust "over any money received by [d]efendants in connection with the financing between [plaintiff] and Telmark."

Plaintiff subsequently moved, inter alia, to "amend" or to set aside the verdict or for a new trial pursuant to CPLR 4404 based upon juror confusion inasmuch as the affidavits of all six jurors obtained after the trial indicated that they were confused by the question on the verdict sheet that asked them to "[s]tate separately" the amount of damages. According to the juror af-

fidavits, the jury intended to award plaintiff 30% of $693,907, which was the amount plaintiff paid in monthly lease payments before the leases were bought out. Plaintiff also moved for a new trial on the ground that the court erred in charging the jury on comparative fault with respect to the negligent misrepresentation cause of action.

We conclude that the court properly charged the jury with respect to comparative fault of plaintiff's principals in relying upon representations made by defendant Ronald J. Pope and thus that the court properly denied plaintiff's post-trial motion on that ground. "[T]he determination . . . whether defendant[s], by negligent misrepresentation, breached a duty to plaintiff and proximately caused the injury turns on the reasonableness of [the] parties' conduct. Defendant[s] must have imparted the information under circumstances and in such a way that it would be reasonable to believe plaintiff would rely upon it; plaintiff must rely upon it in the reasonable belief that such reliance is warranted" (*Heard v City of New York*, 82 NY2d 66, 75 [1993] [1959], *rearg denied* 82 NY2d 889 [1993]). Here, the court properly determined that the charge was warranted inasmuch as the evidence established that plaintiff's principals signed the lease agreements without reading them and that the financial institution with which plaintiff had a long-term relationship had advised against an extensive expansion project.

Even assuming, arguendo, that the court erred in refusing to consider the juror affidavits, we nevertheless conclude that plaintiff is not entitled to a new trial on damages inasmuch as plaintiff failed to establish that it was damaged by defendant's negligent representation, and thus the award of zero damages is not against the weight of the evidence. The court charged the jury that, if it determined that "[p]laintiff is entitled to recover from the [d]efendants, [it] must render a verdict for the actual pecuniary loss sustained as a result of a wrong. [That] must be the difference between the value of what [p]laintiff parted with and the value of what [p]laintiff received" (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Thus, plaintiff's alleged damages would be the difference between the amount that it paid for the leases, i.e., $693,907, and the value that it received from the leases, e.g., the value of the use of the buildings and equipment and the tax benefits of the lease. Plaintiff's expert testified only with respect to the valuation that he prepared before plaintiff entered into the leases, which determined the value of the farm before and after the expansion, and he did not testify with respect to the value of the leases themselves. Thus, plaintiff failed to establish that its payments on those leases exceeded their actual value.

We have reviewed the remaining contentions of plaintiff on its appeal and the contentions of defendants on their cross appeal and conclude that they are without merit. Present—Scudder, P.J., Centra, Peradotto, Sconiers and Pine, JJ.